**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

LIONEL DWAYNE CANNON,      )
                           )
        Petitioner,        )
                           )        No. CIV 06-613-TUC-CKJ
vs.                        )
                           )        **ORDER**
JEFFREY THOMAS,            )
                           )
        Respondent.        )
_____)

Pending before the Court is Petitioner's Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. Respondent has filed an Answer to Petition and Motion to Dismiss. Petitioner has filed a Reply. Also pending before the Court is Petitioner's Request for Decision and Motion for Summary Judgment [Doc. # 15] and Petitioner's Requests for Status [Doc. #s 14 and 16].

*Factual and Procedural Background*

On June 23, 2003, Petitioner Lionel Dwayne Cannon ("Cannon") was sentenced to prison for a California parole violation. On August 12, 2003, Cannon was borrowed from the custody of the State of California pursuant to a writ of habeas corpus *ad prosequendum* issued by the United States District Court for the Northern District of Ohio. On August 28, 2003, Cannon was transported to the United States District Court for the North District of Ohio by the U.S. Marshals Service. While on the federal writ, the State of California paroled

1   Cannon from his violation term on June 23, 2004.[1]

2       On August 11, 2004, Cannon was sentenced in federal court to a 130 month term of

3   imprisonment, to be followed by eight years of supervised release, for Conspiracy to Possess

4   with Intent to Distribute Cocaine in violation of 21 U.S.C. § 846.  Cannon was incarcerated

5   at FCI Safford, Arizona, at the time of the filing of the Petition.[2]

6       Cannon filed an administrative remedy requesting jail time credit for time spent on

7   the writ of habeas corpus *ad testificandum*.  Cannon's request was denied and he appealed

8   that denial to the Regional Director.  Cannon's appeal was denied.  Cannon did not pursue

9   a further appeal to the Cental Office.

10      On December 7, 2006, Cannon filed his Petition under 28 U.S.C. § 2241 for a Writ

11  of Habeas Corpus by a Person in Federal Custody.  Cannon asserts that additional time spent

12  in custody prior to his sentencing should be credited against his federal sentence.  On June

13  4, 2007, Respondent filed an Answer to Petition and Motion to Dismiss.  On June 21, 2007,

14  Cannon filed a Reply.  Cannon also filed a Request for Decision and Motion for Summary

15  Judgment on May 19, 2008, and a Request for Status on April 23, 2008, and on August 11, 2008.

16

17  *Jurisdiction of the Court*

18      "Federal courts are always 'under an independent obligation to examine their own

19  jurisdiction,' and a federal court may not entertain an action over which it has no

20  jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000), *quoting FW/PBS,*

21  *Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).  In the case of a habeas petition, such

22

23  _____

24  [1]Cannon asserts that he was granted early discharge from his California parole
    violation term on December 7, 2004.  For purposes of this Order, the Court accepts the date

25  asserted by Respondent as it is supported by the Answer, Ex. 5, and because such date
    provides additional credit to Cannon.

26
    [2]Prior to being transferred to FCI Safford, Cannon had been incarcerated at FCI

27  Sheridan, Oregon, and FCI Victorville, California.  He is currently incarcerated at TCI Taft.

28                                      - 2 -

jurisdiction is dependent upon a proper characterization of the petition.

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location or condition of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez*, 204 F.3d at 864. Therefore, this Court's jurisdiction depends upon a proper characterization of Cannon's claims. Cannon is challenging the manner, location or condition of the execution of his sentence. *See e.g., Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted). Such a challenge must be brought pursuant to § 2241 in the custodial court. Cannon being incarcerated at the FCI Safford when the Petition was filed, this Court has jurisdiction over this matter. *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990).

*Exhaustion of Administrative Remedies*

The Ninth Circuit Court of Appeals has stated:

> [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). "Prudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional. *Id.*, at 1047. In *Castro-Cortez*, the court determined that the district court was not authorized to consider the § 2241 petition because direct review was available. However, because the exhaustion requirement is not a statutory requirement, but a judicial creation, "the District Court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court."

1   *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *citations omitted.*[3]

2       The Ninth Circuit has explained why exhaustion is required before a petitioner may

3   file for habeas relief:

4       The requirement of exhaustion of remedies will aid judicial review by allowing the
        appropriate development of a factual record in an expert form; conserve the court's
5       time because of the possibility that the relief applied for may be granted at the
        administrative level; and allow the administrative agency an opportunity to correct
6       error occurring in the course of an administrative proceeding.

7   *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983).  In this case, the factual record has been

8   established.  Moreover, there is no basis to conclude that further administrative review would

9   result in a change in how Respondent would interpret presentence credit principles.  The

10  Court finds it is appropriate to excuse the faulty exhaustion and reach the merits.

11

12  *Credit for Pre-Sentence Incarceration*

13      The calculation of a term of imprisonment may include credit for prior custody:

14      (b)  Credit for prior custody. – A defendant shall be given credit toward the service
        of a term of imprisonment for any time he has spent in official detention prior to the
15      date the sentence commences –

16          (1)  as a result of the offense for which the sentence was imposed;

17          or

18          (2)  as a result of any other charge for which the defendant was arrested after
            the commission of the offense for which the sentence was imposed;
19

20      that has not been credited against another sentence.

21  18 U.S.C. § 3585(b).  In enacting this statute, "Congress made clear that a defendant could

    not receive a double credit for his detention time."  *United States v. Wilson*, 503 U.S. 329,
22

23  _____

24      [3]The Court notes that Respondent argues that Cannon's failure to timely pursue
    administrative remedies should be treated as a procedural default.  *Francis*, 894 F.2d at 354;
25  *see also Nigro v. Sullivan*, 40 F.3d 990 (9th Cir. 1994).  However, *Francis* and *Nigro*
26  involved review of prison disciplinary proceedings regarding date-specific "charges."  The
    Court does not find it appropriate to expand *Francis* to the situation before the Court.  *See*
27  Brian R. Means, *Federal Habeas Manual*, § 9B:8.

28
                                    - 4 -

1   337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *see also Boniface v. Carlson*, 856 F.2d 1434,

2   1436 (9th Cir. 1988), *per curiam*.

3          Moreover, a federal sentence does not begin when a federal defendant is produced for

4   prosecution by a federal writ of habeas corpus ad prosequendum from state custody. *Thomas*

5   *v. Whalen*, 962 F.2d 358 (4th Cir. 1992); *Thomas v. Brewer*, 923 F.2d 1361 (9th Cir. 1991).

6   Federal custody does not begin until the state authorities relinquish the prisoner on

7   satisfaction of the state obligation.  *Del Guzzi v. United States*, 980 F.2d 1269 (9th Cir.

8   1992); *Whalen*.  The sovereign which first arrested an offender has primary jurisdiction over

9   that offender, unless that sovereign relinquishes it to another sovereign (through, for

10  example, bail release, dismissal of the state charges, parole release, or expiration of state

11  sentence).  *See e.g., United States v. Warren*, 610 F.2d 680 (9th Cir. 1980).  Borrowing a

12  prisoner from state custody from a primary custodian via a writ of habeas corpus ad

13  prosequendum does not result in the original sovereign relinquishing its primary jurisdiction.

14  Additionally, the United States Supreme Court has determined that the United States

15  Attorney General continues to retain authority to award presentence jail credit. *Wilson*, 503

16  U.S. at 337.

17         Cannon asserts that the State of California did not "technically" credit his detention

18  time against his parole violation and, therefore, because the time was not credited to another

19  sentence, he is entitled to the credit against his federal sentence.  However, Cannon has not

20  provided any documentary evidence to support his assertion.  Cannon continued to serve his

21  state parole violation term under June 23, 2004, when California released their primary

22  jurisdiction; i.e., Cannon received credit from the period from June 23, 2003, through June

23  23, 2004, toward his state parole violation sentence.  Moreover, Cannon received credit for

24  the time from June 24, 2004, through August 10, 2004, against his federal sentence.  Cannon

25  does not dispute that he received this credit against his federal sentence.  Until June 23, 2004,

26  Cannon remained in the primary custody of the State of California.  In other words, Cannon

27  was not in official detention as a result of the offense for which the sentence was imposed.

28

Moreover, Cannon has not alleged or shown that he was in custody between June 23, 2003, and June 23, 2004, for any other charge for which the defendant was arrested *after* the commission of the offense for which the sentence was imposed.[4]  Moreover, Cannon has not shown that the time was not credited against another sentence.

Cannon asserts that *United States v. Chalker*, 915 F.2d 1254 (9th Cir. 1990), *overruled*, supports his assertion that both the Attorney General and district courts have concurrent authority to grant credit for time served.  However, the Supreme Court overruled *Chalker* and held that the Attorney General retains exclusive authority to calculate credit for time served under section 3585.  *See Wilson*, *supra*;  *United States v. Checchini*, 967 F.2d 348 (9th Cir. 1992).  Cannon also relies on *Thomas v. Brewer*, *supra*, for his assertion that the state authorities abandoned their jurisdiction "by transferring one of their prisoners pursuant to a writ ad prosequendum such that he became a federal prisoner from that point forward.  923 F.2d at 1366.  However, in *Thomas* the court considered that the prisoner was considered to be "on loan" to the federal authorities and that the failure to return a prisoner to the original sovereign did not alter the prisoner's "borrowed" status.  923 F.2d at 1367, *citation omitted*.

Cannon also asserts that the early termination of his state parole sentence "to allow sole jurisdiction by federal authorities" demonstrates the intent of the State of California to abandon its primary jurisdiction over Cannon.  Petition, Ex. C.  However, Cannon has not shown any such alleged intent or abandonment that preceded June 23, 2004, the date California paroled Cannon from his violation term.  Cannon is not entitled to any additional credit against his federal sentence.

---

[4]Indeed, the time from June 17, 2003, through June 18, 2003, for which Cannon was in custody on a charge for which Cannon was arrested after the date of the federal offense, was credited against Cannon's federal sentence because it was not credited against the California sentence.  Answer, Ex. 5.

1   *Request for Decision and Motion for Summary Judgment and Request for Status*

2          To the extent these documents request a ruling and a copy of the docket sheet, they

3   will be granted.  However, to the extent that the Request for Decision and Motion for

4   Summary Judgment seeks habeas relief, it will be denied.

5

6          Accordingly, IT IS ORDERED:

7   1.     Petitioner's Request for Decision and Motion for Summary Judgment [Doc.

8          # 15] is GRANTED IN PART AND DENIED IN PART.

9   2.     Petitioner's Requests for Status [Doc. #s 14 and 16] are GRANTED.

10  3.     The Clerk of the Court shall send a copy of the docket sheet in this case to

11         Petitioner.

12  4.     The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DENIED

13         and this matter is DISMISSED WITH PREJUDICE.

14  5.     The Clerk of the Court shall enter judgment and shall then close its file in this

15         matter.

16  DATED this 3rd day of February, 2009.

17

18

19  _____
            Cindy K. Jorgenson
20        United States District Judge

21

22

23

24

25

26

27

28